UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00244-MOC

| | | |
|---|---|---|
| **TIMOTHY MASSEY,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on court-appointed counsel's Amended Motion to Withdraw as Counsel (#10) and Motion to Seal (#11). In accordance with Local Civil Rule 6.1, the Motion to Seal will be granted as the underlying amended motion discusses privileged attorney-client communications. Having review the amended motion and the attachments thereto, the court finds that counsel has shown good cause to withdraw, all in accordance with the Court's earlier Order and Local Civil Rule 83.1(f). As petitioner is now proceeding pro se and there is a pending Motion to Dismiss this action, he is advised as follows:

**ROSEBORO/CASTRO NOTICE**

The government has filed a Motion to Dismiss. The government contends, among other things, that the underlying claim is without merit under a recent decision of the United States Supreme Court in Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886 (March 6, 2017). As petitioner is now proceeding without counsel, he will be advised of his obligations in Responding to the Motion to Dismiss and also advised of his opportunity to take a voluntary dismissal without prejudice.

## I.      Advice of Opportunity to File a Response

In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), petitioner is advised that he has an opportunity to respond to the government's Motion to Dismiss. Any Response must be in writing and filed with the Court within 30 days of the issuance of this Order. Petitioner must also mail a copy of that Response to counsel for the government. Failure to respond or take further action (as discussed below) may result in the government's Motion to Dismiss being summarily granted.

## II.      Advice of Right to Take a Voluntary Dismissal without Prejudice

Inasmuch as petitioner is now proceeding without the assistance of an attorney, the Court finds, under the general guidance of <u>Castro v. United States</u>, 540 U.S. 375 (2003), that it is appropriate to advise petitioner concerning the consequences of having his Petition resolved on the merits and alternatives to a merits disposition.

First, petitioner is advised that if the Court decides the government's Motion to Dismiss in a manner unfavorable to him, such a resolution would be a decision on the merits, making any future petition a "second or successive" petition. Before filing a second or successive petition in this Court, petitioner would be required to obtain permission from the Court of Appeals.

Second, petitioner is advised that because the government has not filed a Response to the petition, he has the right to take a Voluntary Dismissal of his petition without prejudice under Rule 41, Federal Rules of Civil Procedure.[1] A Voluntary Dismissal may be taken by petitioner filing a

---

[1] In relevant part, Rule 41(a)(1), Fed.R.Civ.P. provides as follows:
> (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>> (ii) a stipulation of dismissal signed by all parties who have appeared.
> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But

Notice of Voluntary Dismissal with this Court. The filing of a Notice of Voluntary Dismissal would terminate this case without the Court reaching the merits of the Petition or the government's Motion to Dismiss. See Jackson v. United States, 245 F. App'x. 258 (4th Cir. 2007). Petitioner is cautioned that if he has previously dismissed any such claim, such a voluntary dismissal would operate as an adjudication on the merits.

Third, in making such determination, petitioner should consider that the law imposes a one year statute of limitations on the right to bring a motion pursuant to §2255(f).


**ORDER**

**IT IS, THEREFORE, ORDERED** that court-appointed counsel's amended Motion to Withdraw as Counsel (#10) and Motion to Seal (#11) are **GRANTED,** the Amended Motion to Withdraw (#10) is **SEALED** and, for good cause shown, counsel for petitioner is relieved from further representation of petitioner in this matter.

**IT IS FURTHER ORDERED** that the petitioner is allowed **30 days** from the issuance of this Order to file a Response to the government's Motion to Dismiss.


Signed: May 17, 2017



Max O. Cogburn Jr
United States District Judge

SEALED DOCUMENT with access to Specified Parties/Plaintiff.

---

if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.