# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cv-244-MOC
# (3:13-cr-224-MOC-1)

| | |
|---|---|
| TIMOTHY MASSEY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) ORDER |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which he raises a claim pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015), and the Respondent's Motion to Dismiss, (Doc. No. 7).

## I. BACKGROUND

Petitioner was indicted for: Count (1), possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); Count (2), possession with intent to distribute a detectable amount of marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D); and Count (3), using and carrying a firearm during and in relation to, and in furtherance of a drug trafficking crime, as set forth in Count (2) of the indictment, in violation of 18 U.S.C. § 924(c)(1)(A); 21 U.S.C. § 841(a)(1). (Crim. Case No. 3:13-cr-224, Doc. No. 1).

Petitioner pled guilty to Counts (1) and (2) pursuant to a written plea agreement. (Id., Doc. No. 9). The agreement, which Petitioner signed, states that the maximum penalties are up to 10 years' imprisonment for Count (1), up to five years' imprisonment for Count (2), and no more than three years of supervised release. (Id., Doc. No. 9 at 2). However, if Petitioner has three previous

1

convictions for a violent felony or serious drug offense, the minimum mandatory sentence for Count (1) is 15 years, and up to a maximum of life imprisonment pursuant to 18 U.S.C. § 924(e)(1). (Id.). The agreement states that the sentence has not been determined, that the Court will consider the advisory guidelines, the Court is not bound by the parties' recommendations, and Petitioner cannot withdraw the plea as a result of the sentence. (Id.).

The parties agreed to jointly recommend findings that the appropriate sentence is within the guidelines, the offense level for Count (1) is 30,[1] and that Petitioner "is a Career Offender for purposes of Count Two." (Id., Doc. No. 9 at 3). The parties agreed to recommend a sentence at the top of the guidelines range. Petitioner further agreed to admit violations of supervised release in cases 3:03-cr-29-01 and 3:11-cr-124-01, for which the parties would recommend revocation and sentencing at the top of the guidelines ranges, with the sentences running consecutively to the instant criminal case.

The agreement contains the following waiver:

> The defendant, in exchange for the concessions made by the United States in this plea agreement, waives all such rights [pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255, and similar authorities] to contest the conviction except for: (1) claims of ineffective assistance of counsel or (2) prosecutorial misconduct. The defendant also knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 or otherwise to appeal whatever sentence is imposed with the two exceptions set forth above. The defendant agrees that the United States preserves all its rights and duties as set forth in 18 U.S.C. § 3742(b).

(Id., Doc. No. 9 at 6).

Petitioner stated under oath before Magistrate Judge Keesler at a Rule 11 hearing that he understood the charges and maximum penalties, that the sentencing guidelines would apply and that the sentence had not yet been determined, and that he would not be allowed withdraw the plea

---

[1] The parties contemplated a base offense level of 24 with a four-level increase because the firearm was used or possessed in connection with another felony offense, and a two-level increase for possession of a firearm. See U.S.S.G. §§ 2K2.1(b)(1), 2D1.1(b)(1).

if he received a sentence more severe than he expected. (Id., Doc. No. 31 at 4-7). He acknowledged the rights he was waiving by pleading guilty, including right to a trial with assistance of counsel, presumption of innocence, and reasonable doubt burden on the government. (Id., Doc. No. 31 at 8). He reviewed the charges with counsel, understood them, and is guilty of those crimes. (Id., Doc. No. 31 at 9). He reviewed the plea agreement with counsel, understood and agreed with its terms including the appellate and post-conviction waiver. ((Id., Doc. No. 31 at 16-17). His plea was not the result of threats, intimidation, or force. (Id., Doc. No. 31 at 17). He had enough time to discuss possible defenses with counsel and was satisfied with counsel's services. (Id., Doc. No. 31 at 17). He understood all parts of this proceeding, had no questions or statements, and still wished to plead guilty. (Id., Doc. No. 31 at 18). Counsel confirmed that he reviewed all features of the case and the terms of the plea agreement with Petitioner and was satisfied that Petitioner understood and knew what he was doing. (Id., Doc. No. 31 at 18).

The Presentence Investigation Report ("PSR") calculated the base offense level for Count (1) as 24 because the offense is a violation of 18 U.S.C. § 922(g)(1) and Petitioner committed this offense after sustaining at least two felony convictions for a crime of violence, to wit, robbery affecting interstate commerce and aiding and abetting the same (3:03CR00029); robbery affecting interstate commerce (1:03CR146-01); and brandishing a firearm during and in relation to a crime of violence and aiding and abetting the same (3:03CR00019), pursuant to 2K2.1. (Id., Doc. No. 22 at ¶ 19). Four levels were added because Petitioner possessed a firearm in conjunction with another felony offense, that is, possession with intent to distribute marijuana pursuant to 2K2.1(b)(6). (Id., Doc. No. 22 at ¶ 20). The PSR calculated the base offense level for Count (2) as six because the offense violated 21 U.S.C. § 841(a)(1) pursuant to 2D1.1. (Id., Doc. No. 22 at ¶ 25). Two levels were added because the offense involved possession of a dangerous weapon, a firearm pursuant to

2D1.1(b)(1). (Id., Doc. No. 22 at ¶ 26). The greater of the two adjusted offense levels was that for Count (1) of 28. (Id., Doc. No. 22 at ¶ 31). The PSR applied a Chapter Four career offender enhancement because Petitioner was at least 18 years old at the time of the instant offense, the offense is a felony crime of violence or controlled substance offense and Petitioner has at least two prior felony convictions for a crime of violence, *i.e.*, carjacking (W.D.N.C. Case No. 3:03cr-29), and Hobbs Act robbery (M.D.N.C. Case No. 1:03-cr-146-01). See (Id., Doc. No. 22 at ¶¶ 41, 42). The offense level for a career offender is 17, however, the career offender offense level is lower than that otherwise applicable so the offense level is 28 pursuant to 4B1.1(a) and (b). (Id., Doc. No. 22 at ¶ 32). Three levels were deducted for acceptance of responsibility resulting in a total offense level of 25. (Id., Doc. No. 22 at ¶¶ 33, 34, 35).

The PSR's criminal history section scored a criminal history subtotal of six. (Id., Doc. No. 22 at ¶ 43). Two points were added because Petitioner committed the instant offense while under a criminal justice sentence resulting in a total criminal history score of eight with a criminal history category of IV. (Id., Doc. No. 22 at ¶¶ 45). However, a career offender's criminal history is VI pursuant to § 4B1.1(b). (Id., Doc. No. 22 at ¶ 46).

The resulting guidelines imprisonment range was 110-120 months for Count (1) and 60 months for Count (2). (Id., Doc. No. 22 at ¶ 72).

Petitioner confirmed at the sentencing hearing that he understood Magistrate Judge Keesler's questions at the Rule 11 hearing, that the plea was knowing and voluntary, that he understood the charges, potential penalties, and consequences of his plea, and was pleading guilty because he is guilty of those offenses. (Id., Doc. No. 32 at 5-7). Petitioner read the PSR, went over it with his attorneys, and understood it. (Id., Doc. No. 32 at 7).

Counsel objected to the four-point enhancement pursuant to 4K1.1(b)(6)(B) for the marijuana offense in Count (1), and the gun enhancement as a career offender in Count (2). (Id., Doc. No. 32 at 8). The Court overruled the objection to the four-point enhancement and found that the career offender enhancement applies under a clear reading of the law. (Id., Doc. No. 32 at 11, 20).

The Court sentenced Petitioner at the high end of the guideline range to 120 months' imprisonment for Count (1) and 17 months' imprisonment for Count (2), concurrent,[2] followed by two years of supervised release. (Id., Doc. No. 32 at 37-38); (Id., Doc. No. 24).

Petitioner argued on direct appeal: (1) the Court erred by sentencing Petitioner as a career offender with a criminal history category of VI; and (2) Petitioner is entitled to appeal without regard to the appellate waiver provision of the plea agreement because he could not have reasonably anticipated the Court's misapplication of the law. The Fourth Circuit Court of Appeal dismissed Petitioner's direct appeal, finding that he knowingly and voluntarily waived his right to appeal, and that the issue that he sought to raise falls squarely within the scope of his appellate waiver. (Id., Doc. No. 35, 36). The United States Supreme Court denied certiorari on October 13, 2015. Massey v. United States, 136 S.Ct. 350 (2015).

Petitioner filed a *pro se* § 2255 motion to vacate on May 9, 2016, which he argues is timely under 28 U.S.C. § 2255(f)(3) and (4) pursuant to Johnson. (Doc. No. 1). Liberally construing his *pro se* pleading,[3] he argues (renumbered): (1) he lacks the predicate convictions to support career

---

[2] The sentence runs consecutively to Petitioner's sentences for violating supervised release in two other criminal cases.

[3] Haines v. Kerner, 404 U.S. 519 (1972) (a *pro se* complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers).

5

offender sentencing; and (2) the appellate waiver is involuntary and invalid because Petitioner received an excessive career offender sentence that exceeds the statutory maximum.

Appointed counsel filed a supplemental § 2255 motion to vacate on June 15, 2016, arguing with regards to Claim (1) that Petitioner does not qualify for enhanced sentencing under 2K2.1 and 4B1.2(a)(2) pursuant to Johnson because Hobbs Act robbery no longer qualifies as a crime of violence. (Doc. No. 3).

The case was stayed on September 20, 2016, pending the United States Supreme Court's decision in Beckles v. United States, 137 S.Ct. 886, 890 (2017), which was issued on March 6, 2017, and held that the advisory guidelines are not subject to vagueness challenges. See (Doc. Nos. 5, 6).

The Respondent filed a Motion to Dismiss on May 4, 2017, arguing that Petitioner's Johnson claim is foreclosed by Beckles. (Doc. No. 7). Appointed counsel's motion to withdraw was granted on May 17, 2017. (Doc. Nos. 10, 12).

On June 9, 2017, Petitioner filed a *pro se* "Reply Motion in Response to the Respondent's Motion Seeking the Denial of His § 2255 Motion/and his Request to Take Judicial Notice Pursuant to Rule 201(d) of the Federal Rules of Evidence." (Doc. No. 13). In it, he argues with regards to Claim (1) that: (a) he does not qualify as a career offender because his predicate conviction is based on a divisible statute that is broader than the generic offense; and (b) the Court miscalculated Petitioner's career offender criminal history by misapplying 4B1.1(b). He argues with regards to Claim (2) that his appellate waiver was involuntary because he did not realize the Court would impose an unreasonable and illegal sentence. He also appears to add the following claims (renumbered): (3) Petitioner does not qualify for enhanced sentencing as an armed career criminal; and (4) the guilty plea was not knowing and voluntary.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

**(A)  Statute of Limitations**

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A federal judgment becomes final under § 2255(f)(1) "when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari," or, if a petitioner does not seek certiorari, "when the time for filing a certiorari petition expires." Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (quoting Clay v. United States, 537 U.S. 522, 532 (2003)).

Under § 2255(f)(3), a petitioner can file a § 2255 motion to vacate relying on a right newly recognized by the Supreme Court provided that, *inter alia*, he files within a one-year window running from the date on which the right asserted was initially recognized by the Supreme Court. United States v. Brown, 868 F.3d 297, 300 (4th Cir. 2017). Only the Supreme Court can recognize a new right under § 2255(f)(3) by formally acknowledging that right in a definite way. Id.

Section 2255(f)(4) applies only to new facts, and not to changes in law. See generally Whiteside v. United States, 775 F.3d 180 (4th Cir. 2014).

For an untimely claim to relate back to the original timely-filed pleading, it must be shown that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); see Mayle v. Felix, 545 U.S. 644, 664 (2005). In the context of a habeas motion, "conduct, transaction, or occurrence" does not mean the same "trial, conviction, or sentence," such that any claim that relates to the prior conviction or sentence challenged in a habeas motion is considered timely, no matter how long after the original motion it is filed. Rather, a proposed amendment relates back to the date of the original motion if it "state[s] claims that are tied to a common core of operative facts." Mayle, 545 U.S. at 664.

Petitioner's conviction and sentence became final pursuant to § 2255(f)(1) on October 13, 2015, when the United States Supreme Court denied certiorari review. See Clay, 537 U.S. at 532. Petitioner timely filed his *pro se* § 2255 motion to vacate less than a year later on May 9, 2016.

8

Appointed counsel's supplement filed on June 15, 2016, was likewise timely pursuant to § 2255(f)(1).

However, Petitioner's *pro se* "Reply Motion…" June 9, 2017, was filed more than a year after his conviction and sentence became final pursuant to § 2255(f)(1). His new arguments attacking his career offender sentence, and the voluntariness of his appellate waiver, and the voluntariness of his guilty plea, arguably relate back to his original timely § 2255 motion to vacate. However, Claim (3) raising and armed career criminal claim is entirely new. It does not share a common core of operative fact with his original timely claims and, thus, it is time-barred under § 2255(f)(1).

Petitioner's contention that Johnson restarted the one-year statute of limitations pursuant to § 2255(f)(3) fails because he was sentenced as a career offender under the sentencing guidelines, to which the Supreme Court has decided that Johnson's void-for-vagueness holding does not apply. See Beckles, 137 S.Ct. at 890; Brown, 868 F.3d at 303 (holding that Johnson did not recognize the right the defendant asserted – to have his guidelines range calculated without the sentencing guidelines' residual clause – and therefore § 2255(f)(3) did not re-start his time to file his motion to vacate). Petitioner's reliance on § 2255(f)(4) is misplaced because he fails to identify a new fact upon which his claims are based that could not have been discovered earlier with the exercise of due diligence. He does not claim that any other exception to the one-year statute of limitations applies.

Based on the foregoing, Claims (1), (2), and (4) are timely but Claim (3) is untimely, does not relate back, and it is therefore dismissed with prejudice. Alternatively, this claim would fail on the merits for the reasons set forth in Section (B), *infra*.[4]

**(B)** **Merits**

(1) Career Offender Sentencing

Petitioner appears to argue that: (a) he lacks the predicate convictions to support career offender sentencing which resulted in a guideline miscalculation with regards to his offense level; and (b) the Court arrived at an erroneous criminal history category by misapplying U.S. Sentencing Guidelines § 4B1.1(b). See (Doc. No. 1 at 3-5); (Doc. No. 2); (Doc. No. 13 at 2-5).

(a) Petitioner's argument that he does not qualify as a career offender because his predicate offenses are no longer "crimes of violence" pursuant to Johnson,[5] is foreclosed by Beckles, 137 S.Ct. at 890, in which the Court held that advisory guidelines are not subject to vagueness challenges.

(b) Petitioner's argument that the Court misapplied § 4B1.1(b) to reach a criminal history category of VI is waived and meritless.

Petitioner argued on direct appeal that the Court miscalculated his criminal history category as VI. The Fourth Circuit held that the issue was waived by Petitioner's knowing and voluntary

---

[4] The Respondent has not asserted that this action is barred by the post-conviction waiver in Petitioner's plea agreement. See generally United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (noting the government can elect not to enforce an appeal waiver and instead contest the merits of a defendant's argument).

[5] In Johnson, the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") so-called residual clause is void for vagueness. Johnson recognizes a new right that is retroactively applicable on collateral review. Welch v. United States, 136 S.Ct. 1257, 1265 (2016). Johnson addresses only ACCA's residual clause and "does not call into question application of the Act to the four enumerated offense, or to the remainder of the Act's definition of a violent felony." Johnson, 135 S.Ct. at 2563.

appellate waiver. Petitioner has failed to allege any changed circumstances that warrant reconsidering this decision, and therefore, the Court need not do so on collateral review.

Moreover, Petitioner's claim is meritless. The career offender sentencing guidelines state:

> Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI.

U.S.S.G. § 4B1.1(b).

Petitioner's suggestion that he does not qualify as a career offender because his offense level was higher for Count (1), for which was not scored as a career offender, rather than Count (2), for which he was enhanced, is legally incorrect. Guidelines § 4B1.1(b) states that "a 'career offender's criminal history category in every case under this subsection shall be Category VI,' not merely in cases in which the career offender classification accounted for the base offense level." United States v. Miller, 395 F.3d 452, 456 (D.C. Cir.) *vacated on other grounds* Miller v. United States, 545 U.S. 1101 (2005); see United States v. Canter, 664 Fed. Appx. 347 (4th Cir. 2016) (concluding that the district court did not err by basing defendant's advisory guidelines range on the "otherwise applicable" offense level and the criminal history of VI prescribed by the career offender guideline); see also United States v. Gordon, 838 F.3d 597, 602-03 (5th Cir. 2016); United States v. Waters, 648 F.3d 1114 (9th Cir. 2011); United States v. Marseille, 377 F.3d 1249, 1257 (11th Cir. 2004). Petitioner qualifies for career offender sentencing, and therefore, he was correctly scored with the criminal history category of VI that applies to all career offenders. No sentencing error occurred.

(2) <u>Appellate Waiver</u>

Petitioner appears to contend that his appellate waiver is involuntary and invalid because he received a career offender sentence that violates the law and exceeds the statutory maximum sentence.

To be valid, an appellate waiver must have been knowing, intelligent, and voluntary. <u>See</u> <u>United States v. Thornsbury</u>, 670 F.3d 532, 537 (4th Cir. 2012); <u>United States v. Blick</u>, 408 F.3d 162, 169 (4th Cir. 2005). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." <u>Thornsbury</u>, 670 F.3d at 537; <u>see</u> <u>United States v. Copeland</u>, 707 F.3d 522, 528 (4th Cir. 2013). A court may rely on a criminal defendant's sworn statements made during the Rule 11 colloquy to conclude that a waiver is knowing and voluntary. <u>See</u> <u>generally</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); <u>see</u>, <u>e.g.</u>, <u>United States v. Lemaster</u>, 403 F.3d 216, 221–22 (4th Cir. 2005) (§ 2255 petitioner's sworn statements during the plea colloquy conclusively established that his plea agreement and waiver were knowing and voluntary).

Petitioner stated under oath during the Rule 11 hearing that he was knowingly and voluntarily waiving his appellate rights and the Fourth Circuit upheld the validity of his waiver on direct appeal. Thus, the waiver was valid and need not be re-examined here. <u>See</u>, <u>e.g.</u>, <u>Smith v. United States</u>, 2013 WL 2629874 at *1 (E.D.N.C. June 11, 2013).

Petitioner appears to suggest that his waiver should be excused by a change of law and because his sentence exceeds the statutory maximum. Neither of these factors can avoid his valid appellate waiver. No applicable change of law has occurred and, even if it had, this would not be grounds to overcome Petitioner's appellate waiver. United States v. Archie, 771 F.3d 217, 223 (4th Cir. 2014) ("defendants cannot knowingly and voluntarily enter an appeal waiver, receive a sentence that fully complies with the law applicable at the time of sentencing, and then, when that law later changes, argue that the issue falls outside the binding scope of the waiver."). Moreover, any suggestion that Petitioner should be excepted from the appellate waiver because his sentence exceeds the statutory maximum is mistaken because his sentences were within the statutory maximum for each offense. Petitioner's 120-month sentence for Count (1) is the statutory maximum for possession of a firearm by a convicted felon in violation of § 922(g). See 18 U.S.C. § 922(g)(1), 924(a)(2). His 17-month sentence for Count (2) is well below the statutory maximum of five years' imprisonment for possession of marijuana with intent to distribute. 21 U.S.C. § 841(a)(1), (b)(1)(D). Therefore, Petitioner's appellate waiver is valid and he has failed to raise valid grounds to avoid its application.

(3)  ACCA Sentencing

Petitioner appears to contend that he does not qualify for enhanced sentencing as an armed career criminal.

This claim is premised on a misapprehension of fact. Petitioner was sentenced as a career offender, and not as an armed career criminal under ACCA. See (Crim. Case No. 3:13-cr-224, Doc. No. 22 at ¶ 32). Therefore, to the extent that Petitioner attempts to raise an ACCA claim, it is factually erroneous and will be denied.

(4) <u>Involuntary Guilty Plea</u>

Finally, Petitioner appears to argue that his guilty plea was not knowing and voluntary because he anticipated receiving an offense level reduction for acceptance of responsibility that was essentially negated by the career offender enhancement. <u>See</u> (Doc. No. 13 at 4-5).

"In order for a guilty plea to be valid, the Constitution imposes 'the minimum requirement that [the] plea be the voluntary expression of [the defendant's] own choice.'" <u>United States v. Moussaoui</u>, 591 F.3d 263, 278 (4th Cir. 2010) (quoting <u>Brady v. United States</u>, 397 U.S. 742, 748 (1970)); <u>see</u> Fed. R. Civ. P. 11. A guilty plea "must also be entered knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." <u>Moussaoui</u>, 591 F.3d at 278. Ultimately, a guilty plea's validity rests on "the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness." <u>Id.</u> (quoting <u>Walton v. Angelone</u>, 321 F.3d 442, 462 (4th Cir. 2003)); <u>see also</u> <u>Blackledge</u>, 431 U.S. at 74.

Petitioner pled guilty pursuant to a written plea agreement that he read, discussed with his lawyer, and understood. He acknowledged the offenses to which he was pleading guilty, the rights he was waiving by pleading guilty, and the consequences of the plea including his sentencing exposure. He confirmed that he understood that the sentence had not yet been determined, that the court had discretion to sentence him up to the statutory maximum, and that a sentence higher than he expected would not be grounds for withdrawing his plea. He stated that he was pleading guilty because he was guilty and not as a result of threats or promises. The written plea agreement that Petitioner signed and his statements in open court reveal that his guilty plea was voluntarily entered. His present contentions to the contrary, which are motivated by his dissatisfaction with the sentence, are rejected.

14

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss and deny Petitioner's § 2255 motion to vacate and grant Respondent's motion to dismiss.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is DISMISSED and DENIED.

2. Respondent's Motion to Dismiss, (Doc. No. 7), is GRANTED.

3. IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 16, 2017

Max O. Cogburn Jr
United States District Judge